IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

TROY ANTWOAN KNIGHT,       )
#202280,                   )
                           )
    Petitioner,         )
                           )
v.                         )    CASE NO. 3:24-CV-00518-BL-JTA
                           )
GWENDOLYN BABERS and       )
STEVEN T. MARSHALL,        )
                           )
    Respondents.        )

## MEMORANDUM OPINION AND ORDER

Troy Antwoan Knight, a state inmate proceeding *pro se*, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 challenging his 75-year sentence. (Doc. 1). Knight claims that his sentence exceeds the statutory maximum pursuant to Ala. Code § 15-18-8; he is being held in custody after the expiration of his sentence; he is entitled to a new sentencing hearing pursuant to the Sixth and Eighth Amendments to the United States Constitution; and he received a sentence greater than that "promised" by the trial judge in violation of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. (*Id.* at 5). He further claims that, because his sentence is illegal, the trial court had "no authority to revoke [his] probation on an illegal sent[ence]." (*Id.*).

Thereafter, the Respondents filed an Answer (doc. 12), which contends that Knight's claims are unexhausted and time-barred by the applicable one-year statute of limitations.  The court then gave Knight an opportunity to file a reply (*see* doc. 13), but Knight did not do so.  Upon review of the Petition and Answer, and for the reasons explained below, Knight's § 2254 Petition will be **DISMISSED** with prejudice as time-barred[1], and Knight will be **DENIED** a certificate of appealability.

## I.     PROCEDURAL BACKGROUND

On October 12, 2011, Knight was convicted of two counts of First-Degree Robbery.  (Doc. 12-1 at 13-15).  On November 30, 2011, he was sentenced as a habitual felony offender to two concurrent terms of life imprisonment without parole.  (*Id*. at 26).  Knight appealed, and his sentence was affirmed by the Alabama Court of Criminal Appeals on June 15, 2012.  (*See* Docs. 12-3, 12-5).  Knight subsequently filed for rehearing, which was denied on July 20, 2012.  (*See* Docs. 12-6, 12-7).  Knight also filed a petition for writ of certiorari in the Alabama Supreme Court, but it was denied on March 15, 2013.  (*See* Docs. 12-8, 12-9).  A certificate of judgment was issued that same day.  (*See* Doc. 12-10).

On August 26, 2014, Knight filed a Rule 32[2] petition for post-conviction relief in the circuit court.  (*See* Doc. 12-17).  In his petition, he argued that his conviction

---

[1] Although Respondents also argue that Knight's claims are unexhausted, because the statute of limitations is dispositive of the Petition, the court need not address any additional deficiencies.
[2] *See* Ala. R. Crim. P. 32.

was obtained by use of a coerced confession and in violation of the privilege against self-incrimination and that he was denied effective assistance of counsel.  (*Id*. at 1). On September 22, 2015, the circuit court ruled upon Knight's Rule 32 petition by entering an order amending Knight's sentence by way of agreement.  (*See* Doc. 12-18).  The order stated that the parties reached a "compromised settlement to amend [Knight's] sentence to 75 years split to serve 5 years with credit for time served, and [Knight] will be on probation for 10 years after his release from prison."  (*Id*. at 1). Knight signed the order amending his sentence by agreement on October 15, 2015. (*Id*.).  Knight did not appeal the order on his Rule 32 petition resentencing him to a 75-year split sentence.  He was subsequently released to probation on or around July 14, 2016.  (Doc. 12-12 at 10).

On September 23, 2016, Knight was arrested on new criminal charges in Georgia.  (Doc. 12-12 at 10).  His probation officer filed a delinquency report on September 28, 2016.  (*Id*. at 10-15).  At a hearing held on August 24, 2017, Knight's probation was revoked.  (Doc. 12-11 at 6).  Knight appealed the revocation of his probation, but the revocation was affirmed by the Alabama Court of Criminal Appeals on May 28, 2018.  (*Id*. at 12; Doc. 12-15).  He did not file for rehearing or petition for writ of certiorari, and a certificate of judgment was issued on June 13, 2018.  (Doc. 12-16).

Knight was reinstated to probation on March 13, 2019, upon his motion for reconsideration and by agreement with the State. (*See* Doc. 12-19). On April 24, 2020, the State filed a motion for resentencing arguing that Knight's amended sentence was illegal and void pursuant to Ala. Code § 15-18-8. (Doc. 12-20 at 1-4). On June 11, 2020, the court entered an order once again revoking Knight's probation. (Doc. 12-21 at 1). The court stated that "[t]he issue of modification of sentence is taken under advisement at this time." (*Id.*). On July 8, 2020, the court issued an order on the State's motion for resentencing, ruling that "the sentencing of the defendant previously entered will be left in place" and that Knight's probation would remain revoked. (Doc. 12-24 at 84).

On November 16, 2022, Knight filed a petition for writ of mandamus in the Alabama Supreme Court arguing that his sentence was illegal. (Doc. 12-24 at 1-9). On February 1, 2023, the Alabama Supreme Court issued an order transferring the petition to the Alabama Court of Criminal Appeals. (*See* Doc. 12-25). On April 28, 2023, the Alabama Court of Criminal Appeals issued an order dismissing the petition for failure to comply with the service requirements of Alabama Rule of Appellate Procedure 21(a). (*See* Doc. 12-26).

On June 30, 2023, Knight filed a motion for reconsideration of his split sentence, requesting that the remainder of his incarceration be suspended and that he be permitted to serve the remaining portion of his sentence on probation. (Doc. 12-

4

22 at 1-3).   On July 23, 2023, Knight's motion for reconsideration of his split sentence was denied.   (*See* Doc. 12-23).   On August 8, 2024, Knight filed the instant § 2254 Petition, challenging the legality of his 75-year sentence as well as the revocation of his probation.[3]   (*See* Doc. 1 at 7-8).   The Petition is now ripe for consideration.

## II.   DISCUSSION

### a.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitations for federal habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3] This court received Knight's § 2254 Petition on August 14, 2024.  (Doc. 1 at 1).  However, Knight signed the Petition on August 8, 2024.  (*Id*. at 7-8).  Pursuant to the "prison mailbox rule," the court will treat the earlier date of August 8, 2024 as the filing date.  *See, e.g., Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014)); *see also Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As noted above, in his § 2254 Petition, Knight appears to challenge both his 75-year split sentence entered in 2015 as well as the subsequent revocation of his probation on June 11, 2020.  Even if the court were to assume, for purposes of this Order, that the AEDPA's one-year limitations period began to run on the latter date of June 11, 2020—as opposed to the earlier resentencing date in 2015—his § 2254 Petition is nevertheless untimely.  *See Ray v. Mitchem*, 272 F. App'x 807, 809–10 (11th Cir. 2008) (explaining that "subsection (D), not subsection (A), of 28 U.S.C. § 2244(d)(1), is the applicable subsection for cases of habeas petitioners who are in custody pursuant to a parole revocation").  In that event, absent a tolling event, Knight had until June 11, 2021—one year later—to file a timely § 2254 petition as to that judgment.  However, Knight did not file the instant § 2254 Petition until August 8, 2024, more than three years later.  (*See* Doc. 1 at 7–8.)

The limitations period may be "statutorily tolled for '[t]he time during which a properly filed application for State post-conviction or other collateral review … is

pending.'"  *Mashburn v. Comm'r, Ala. Dep't of Corr.*, 713 F. App'x 832, 836 (11th

Cir. 2017) (quoting 28 U.S.C. § 2244(d)(2)).  The Eleventh Circuit has explained:

> A state application is "properly filed" when "'its delivery and acceptance are in compliance with the applicable laws and rules governing filings,'" which typically include "'the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.'"  *Sweet v. Sec'y, Dept. of Corr.*, 467 F.3d 1311, 1315 (11th Cir. 2006) (quoting *Artuz v. Bennett*, 531 U.S. 4 [ ] (2000)).  An application that is untimely under state law is not "properly filed" for purposes of tolling AEDPA's limitations period.  *Id.* at 1316.

*Gorby v. McNeil*, 530 F.3d 1363, 1366 (11th Cir. 2008).  Although Knight filed at

least two post-conviction motions after the revocation of his probation on June 11,

2020, each was filed <u>after</u> the AEDPA's limitation period had already expired.

Indeed, Knight did not file his first post-conviction motion—a petition for writ of

mandamus in the Alabama Supreme Court, which was later transferred to the

Alabama Court of Criminal Appeals and then denied on procedural grounds—until

November 16, 2022, over one year after the limitation period had passed.  (*See* Doc.

12-24 at 1–9).  Thus, the one-year limitation period was not statutorily tolled by any

post-conviction motion or other collateral review.  *Webster v. Moore*, 199 F.3d 1256,

1259 (11th Cir. 2000) ("A state-court petition … that is filed following the expiration

of the limitations period cannot toll that period because there is no period remaining

to be tolled.").

The AEDPA's limitation period may also be equitably tolled on grounds other than those in the habeas statute when a petitioner submits an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (citations omitted). However, "equitable tolling is an extraordinary remedy … limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (internal quotations and citation omitted). "The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory." *Cole v. Warden, Georgia State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (citation omitted). Despite the opportunity to do so in both his Petition and a reply to the Answer, Knight has failed to provide any evidence or make any argument that he is entitled to equitable tolling.

Accordingly, for the foregoing reasons, the court concludes that Knight's § 2254 Petition is due to be dismissed with prejudice as time-barred and that an evidentiary hearing is not warranted. *See* Rule 8, *Rules Governing Section 2254 Cases in the United States District Courts*; *see also Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

**b.      Certificate of Appealability**

A habeas petitioner may not appeal the denial of relief under § 2254 "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Fed. R. App. P. 22(b)(1).  Rule 11 of the *Rules Governing Section 2254 Cases* provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation marks omitted).  When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, "a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quotation marks omitted) (emphasis added).

Because the court concludes that the procedural ruling herein is not reasonably debatable, Knight will be denied a certificate of appealability.

## III.  CONCLUSION

Accordingly, based on the foregoing, it is **ORDERED** that Knight's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (doc. 1) is **DISMISSED** with prejudice as time-barred and that Knight is **DENIED** a certificate of appealability.

A Final Judgment will be entered separately.

**DONE** and **ORDERED** on this the 4th day of August, 2026.

**BILL LEWIS**
UNITED STATES DISTRICT JUDGE